## LONGEST *v.* LANGFORD.

CERTIORARI TO THE SUPREME COURT OF OKLAHOMA.

No. 52.  Submitted October 19, 1927.—Decided February 20, 1928.

Under § 22 of the Choctaw and Chickasaw Agreement of July 1, 1902,
lands allotted in the name of a married Choctaw woman who died
after the ratification of the Agreement and before receiving her
allotment, pass to those who are her heirs according to c. 49 of
Mansfield's Digest, free from any claim of curtesy.  See *Marlin* v.
*Lewallen, ante,* p. 58.  P. 71.

114 Okla. 50, reversed.

CERTIORARI, 274 U. S. 499, to a judgment of the Supreme
Court of Oklahoma sustaining a claim to an estate of
curtesy in lands allotted and patented in the name and
right of a Choctaw woman after her decease.

*Messrs. H. A. Ledbetter* and *H. E. Ledbetter* were on
the brief for petitioner.

*Messrs. W. F. Semple, S. Russell Bowen, Guy Green,*
and *Robert R. Pruet* were on the brief for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of
the Court.

A claim to an estate by the curtesy in lands allotted
and patented in the name and right of a Choctaw woman
then deceased is here in controversy.  It was sustained
by the state court.  114 Okla. 50.  The allotment was
made and the patent issued under two agreements be-
tween the United States and the Choctaw and Chickasaw
tribes.  Act June 28, 1898, c. 517, § 29, 30 Stat. 505;
Act July 1, 1902, c. 1362, 32 Stat. 641.

The agreements set forth a comprehensive scheme for
allotting the lands of the two tribes in severalty among

their members, distributing the tribal funds and dissolving the tribes. There were also many other related provisions. Nothing was said about curtesy. The agreements were strictly special laws for the Choctaws and Chickasaws.

By prior enactments couched in general terms Congress had put in force in the Indian Territory, and made applicable to the people therein irrespective of race, several statutes of Arkansas.[1] One of these Arkansas statutes—chapter 20 of Mansfield's Digest—had been construed as recognizing a form of curtesy consummate attaching on the death of the wife intestate where she was then seized of the land. Another—chapter 49 of the same publication—related to descent and distribution. The Choctaw and Chickasaw lands were in the Indian Territory, and so were the lands of several other Indian tribes. The claim in this case is rested on the adopted Arkansas law of curtesy.

The second of the two agreements—it largely superseded the first—required that the lands of the two tribes be allotted among the enrolled members who were living at the date of its ratification. Anticipating that some of these might die before the allotments were made, the agreement provided in § 22:

"If any person whose name appears upon the rolls, prepared as herein provided, shall have died subsequent to the ratification of this agreement and before receiving his allotment of land the lands to which such person would have been entitled if living shall be allotted in his name, and shall, together with his proportionate share of other tribal property, descend to his heirs according to the laws of descent and distribution as provided in chapter forty-nine of Mansfield's Digest of the Statutes of Arkansas."

---

[1] These congressional enactments and the indicated Arkansas laws are described in *Marlin* v. *Lewallen, ante,* p. 58.

The lands in dispute were allotted under that section; and the real controversy here is over its construction. It is part of a special law put in force with the solicited assent of the Choctaws and Chickasaws and applicable only to them. We think it would be understood by the Indians as meaning that lands allotted under it in the name of a deceased member should pass to those who would be his or her heirs according to chapter 49 of Mansfield's Digest. With that chapter specially designated and chapter 20—the sole basis of the Arkansas law of curtesy—not mentioned the Indians certainly would not understand that curtesy was intended. It follows that § 22 must be construed as intended to pass the full title free from any claim to curtesy. *Marlin* v. *Lewallen, ante,* p. 58.

*Judgment reversed.*